# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUYNN A. HODGES, | ) |
| Petitioner, | ) ) ) |
| v. | )  Case No. CIV 14-270-RAW-KEW |
| TRACY McCOLLUM, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, challenges his conviction and sentence in Okfuskee County District Court Case No. 2008-099 for First Degree Arson, After Conviction of Two or More Felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 07/29/2010 | Petitioner's direct appeal was affirmed in Case No. F-2009-905. |
| 10/27/2010 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 10/28/2010 | Petitioner's statutory year began to run the day after his conviction became final. |
| 09/19/2011 | Petitioner filed an application for post-conviction relief and an application for order nunc pro tunc in the Okfuskee County District Court. |
| 10/28/2011 | Petitioner's statutory year expired. |
| 03/08/2012 | The state district court denied petitioner's application for an order nunc pro tunc. |

| | |
|---|---|
| 03/22/2012 | Petitioner filed an appeal of the denial of his request for an order nunc pro tunc in the Oklahoma Supreme Court. |
| 04/16/2012 | The Oklahoma Supreme Court transferred the appeal to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. 110,508. |
| 09/04/2012 | The OCCA interpreted the appeal of the denial of an order nunc pro tunc as a request for a writ of mandamus and denied the request in Case No. MA-12-344. |
| 10/19/2012 | Petitioner filed a second application for post-conviction relief in the state district court. |
| 07/15/2013 | The district court held a hearing and denied petitioner's first and second post-conviction applications. |
| 08/08/2013 | Petitioner filed a petition in error which was construed as a request for a writ of mandamus with the OCCA, seeking additional findings of fact and conclusions of law from the district court in Case No. MA-2013-750. |
| 09/05/2013 | The OCCA issued an Order Declining Jurisdiction in Case No. MA-2013-750. |
| 09/19/2013 | Petitioner filed an application for post-conviction relief, seeking an order recommending an out-of-time appeal. |
| 01/27/2014 | The district court entered a Journal Entry of Judgment denying petitioner's applications for post-conviction relief and other motions. |
| 02/24/2013 | Petitioner appealed the Journal Entry of Judgment denying post-conviction relief to the OCCA in Case No. PC-2014-164. |
| 04/30/2014 | The OCCA affirmed the denial of post-conviction relief in Case No. PC-2014-164. |
| 07/07/2014 | Petitioner filed this petition for a writ of habeas corpus. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on October 27, 2010, ninety days after the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). His one-year statutory period for seeking habeas relief commenced the next day on October 28, 2010. Therefore, his deadline for filing a federal petition for a writ of habeas corpus was October 28, 2011. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed an application for post-conviction relief and an application for order nunc pro tunc on September 19, 2011, 39 days before his deadline. His request for order nunc pro tunc was denied on March 8, 2012, while his post-conviction application lingered in the district court. While the first application for post-conviction relief was pending, petitioner filed a second post-conviction action on October 19, 2012. On July 15, 2013, the district court held a hearing and denied both post-conviction applications by minute orders. Petitioner sought mandamus relief from the OCCA, requesting more

3

thorough orders from the district court, but the OCCA declined jurisdiction on September 5, 2013, finding that petitioner had not properly served notice in Case No. MA-2013-750.

Petitioner apparently believed he had missed the deadline to file an appeal of the denial of post-conviction relief, so on September 19, 2013, he filed an application for post-conviction relief, seeking an order recommending an appeal out-of-time. While this application was pending, on January 27, 2014, the district court entered a Journal Entry of Judgment denying various pending post-conviction motions, including petitioner's first and second applications for post-conviction relief. Petitioner then sought to appeal the Judgment with the OCCA, raising only the issues in his second application for post-conviction relief. The OCCA accepted this appeal as timely and entered an order affirming the denial of post-conviction relief in Case No. PC-2014-164.

The respondent alleges that assuming both petitioner's first and second applications for post-conviction relief were denied on January 27, 2014, this petition is untimely. Petitioner first sought post-conviction relief with 39 days remaining in his statutory year. The OCCA affirmed the district court's post-conviction denial on April 30, 2014. Adding 39 days to April 30, 2014, petitioner's habeas petition was due by Monday, June 9, 2014. The petition, however, was filed on July 7, 2014, 28 days late.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available, but only in "rare and exceptional circumstances," including actual innocence and extraordinary or uncontrollable circumstances which prevented timely filing. *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (footnote omitted). Here, the court finds petitioner has not shown he is entitled to equitable tolling.

4

**ACCORDINGLY,** the respondent's motion to dismiss (Dkt. 7) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 17th day of March 2015.

**Dated this 17th day of March, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma