# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUYNN A. HODGES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 14-270-RAW-KEW |
| TRACY McCOLLUM, Warden, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On March 17, 2015, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as barred by the statute of limitations, pursuant to 28 U.S.C. § 2244(d). (Dkt. 18). He subsequently filed a Petition for Rehearing, which the court construed as a motion for reconsideration. (Dkt. 20).

Petitioner alleges the court incorrectly applied statutory tolling, equitable tolling, or "gap" tolling in deciding his habeas petition. He specifically claims he was denied tolling of the statute of limitations, because the state district court refused to prepare a certified copy of the order denying post-conviction relief, with findings and conclusions, which would have allowed him to appeal to the Oklahoma Court of Criminal Appeals (OCCA). (Dkt. 20 at 3). He maintains he "would have been in Federal Court a lot sooner had the State Court not arbitrarily impeded his post-conviction appeal." *Id*.

The court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). He has failed, however, to set forth in his motion specific dates and case numbers of the court documents he is discussing. Without specific references, "we will not search the record in an effort to determine whether there exists dormant evidence" supporting Petitioner's claims. *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003) (citations omitted).

The history of Petitioner's state court proceedings was discussed in the court's earlier

Opinion and Order dismissing the action. (Dkt. 18 at 4). Petitioner alleges this court incorrectly analyzed the statutory tolling of his petition, because he never received an order he could appeal from his first post-conviction application, pursuant to Rule 5.2(C)(2) of the *Rules of the Oklahoma Court of Criminal Appeals*.[1] (Dkt. 20 at 7). He has not, however, pointed out an order from the state courts that addresses the issue of Rule 5.2. Petitioner further claims he should be entitled to "equitable tolling of the gaps between [his state court] filings," because the state district court created the impediment that denied him a post-conviction appeal to the OCCA. *Id*. He claims the OCCA denied jurisdiction on his post-conviction appeal, but he has not shown this court where his inability to obtain a certified copy of the district court's order was the basis for this ruling. Therefore, the court finds no merit in Petitioner's motion.

To the extent the court construes Petitioner's motion as arising under Fed. R. Civ. P. 60(b), his request for relief also fails:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The court finds Petitioner has failed to meet his burden under this rule.

---

[1] Rule 5.2(C)(2) states, in pertinent part, that "[a] petition in error and supporting brief, WITH A CERTIFIED COPY OF THE ORDER ATTACHED must be filed with the Clerk of this Court" (emphasis in original).

**ACCORDINGLY,** Petitioner's motion for reconsideration (Dkt. 20) is DENIED.

**IT IS SO ORDERED** this 29th day of March 2016.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma